IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Joyce Langlais, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   13 C 6128 |
| | ) | |
| NCB Management Services, Inc., a | ) | |
| Pennsylvania corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Joyce Langlais, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.   Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.   Plaintiff, Joyce Langlais ("Langlais"), is a citizen of the State of Missouri, from whom Defendant attempted to collect a delinquent consumer debt that she allegedly owed for a Best Buy/HSBC account ("HSBC"). These collection actions took place despite the fact that she had told the Defendant that she refused to pay the debt,

and was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD").

4. Defendant, NCB Management Services, Inc. ("NCB"), is a Pennsylvania corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. NCB operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant NCB was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant NCB is a bad debt buyer, which buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

6. Defendant NCB is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant conducts substantial business in Illinois.

7. Defendant NCB is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Department of Professional Regulation, attached as Exhibit B. In fact, Defendant NCB acts as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

8. Ms. Langlais is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a HSBC account. At

some point in time after that debt became delinquent, EMCC, ("EMCC") allegedly bought/obtained Ms. Langlais' HSBC debt. When EMCC began trying to collect the HSBC debt from Ms. Langlais, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant's collection actions.

9. Specifically, EMCC had another debt collector, P&B Capital Group, demand payment of the HSBC debt from Ms. Langlais, which did so by sending her a collection letter dated December 30, 2010. A copy of this collection letter is attached as Exhibit C.

10. Accordingly, on January 24, 2011, one of Ms. Langlais' attorneys at LASPD informed EMCC, through its collection agent, that Ms. Langlais was represented by counsel, and directed EMCC to cease contacting her, and to cease all further collection activities because Ms. Langlais was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

11. The affect of this notice was that the debt could then only be collected upon via a negative credit report or a lawsuit – that calling or writing the consumer had to stop. Nonetheless, Defendant NCB then bought/obtained Ms. Langlais' alleged HSBC account, and ignored the information in the account notes that told it, as the successor-in-interest, that it could no longer call or write Ms. Langlais, and instead, sent Ms. Langlais a collection letter, dated July 9, 2013, demanding payment of the alleged HSBC debt. A copy of this collection letter is attached as Exhibit E.

3

12.  Defendant knew, or should have known, that there were problems with the debt at issue due to the age of the portfolio of the debts that included the Plaintiff's alleged debt. In fact, any reasonable review of the records on this account would have shown that the account should not have been collected upon in the manner at issue in this matter.

13.  Accordingly, on August 27, 2013, Ms. Langlais' LASPD attorneys had to send Defendant a letter directing it to cease communications and to cease collections. Copies of this letter and fax confirmation are attached at Exhibit F.

14.  Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

15.  Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

16.  Plaintiff adopts and realleges ¶¶ 1-15.

17.  Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

18.  Here, the letter from Plaintiff's agent/attorney, LASPD, told Defendant, through its predecessor-in-interest, to cease communications and cease collections

(Exhibit D). By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendant violated § 1692c(c) of the FDCPA.

19. Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(a)(2) Of The FDCPA --
## Communicating With A Consumer Represented By Counsel

20. Plaintiff adopts and realleges ¶¶ 1-15.

21. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

22. Defendant knew, or readily could have known, that Plaintiff was represented by counsel in connection with her debt because her attorneys at LASPD had given notice in writing to its predecessors-in-interest (Exhibit D), that Plaintiff was represented by counsel, and had directed a cessation of communications with Plaintiff. By directly sending a collection letter to Plaintiff (Exhibit E), despite being advised that she was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

23. Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Joyce Langlais, prays that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Langlais, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Joyce Langlais, demands trial by jury.

    Joyce Langlais,

    By: /s/ David J. Philipps\_\_\_
    One of Plaintiff's Attorneys

Dated: August 28, 2013

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com